UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM H. BROWN, | ) |
| | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | )    No. 1:12-cv-240-JAW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security,*[1] | ) |
| | ) |
|     *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[2]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge improperly evaluated the opinions of two of his treating physicians.[3]  I recommend that the court affirm the decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease/degenerative joint arthritis complicated by obesity, bunions, and a history of right shoulder surgery and right carpal tunnel release, impairments that were severe

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3).  The commissioner has admitted that the plaintiff has exhausted his administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on June 13, 2013, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.
[3] The introduction to the plaintiff's statement of errors, under the plural title "Errors", asserts that the administrative law judge "improperly discounted the claimant's subjective complaints of pain," Statement of Errors ("Itemized Statement") (ECF No. 15) at 2, but no further reference is made to this issue, which accordingly is deemed waived.

but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 610; that he retained the residual functional capacity ("RFC") to perform light work, except that he could occasionally push and pull up to 10 pounds with either upper extremity, could not climb ladders, ropes, or scaffolds, could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, could occasionally reach overhead with his right arm, must avoid forceful gripping or grasping with his right hand, and must avoid unprotected heights, vibrating tools, and irregular terrain, Finding 5, *id.*; that he was capable of performing his past relevant work as a gate guard, Finding 6, *id.* at 613; and that, therefore, he had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset of disability, September 19, 2006, through the date of the decision, May 26, 2011, Finding 7, *id.* The Appeals Council declined to review the decision, *id.* at 543-45, making it the final determination of the commissioner. 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 633, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the

commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

The plaintiff argues that the opinions of his primary care physician, Dr. Ali, and of his pain management physician, Dr. Just, should have been given controlling weight. Itemized Statement at [6]. The regulation applicable to this claim is 20 C.F.R. § 404.1527(c)(2), which provides, in relevant part:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

The state-agency physicians who reviewed the plaintiff's records, including those of Drs. Ali and Just available at the time that they performed their reviews, did not agree with the limitations that these doctors imposed. *Compare* Record at 899-905; 936-41 *with id*. at 485-88, 839-43. Their opinions constitute substantial evidence that is not consistent with the recommendations of Dr. Ali and Dr. Just, and, as a result, those recommendations cannot be given controlling weight.[4] *E.g., Angis v. Astrue*, No. 06-154-P-S, 2007 WL 2021921, at *2 (D.

---

[4] The plaintiff describes the opinions of Dr. Ali and Dr. Just as "consistent with one another, consistent with the claimant's testimony, and consistent with the other [unidentified] medical evidence." Itemized Statement at [5]. That description is not entirely accurate. Dr. Ali and Dr. Just disagree on several limitations, including the length of time the plaintiff can sit at one time, Record at 486, 840; how often he must walk, *id*. at 487, 841; whether he must

3

Me. July 11, 2007); *Morneau v. Barnhart*, No. 06-53-P-C, 2006 WL 3519315, at *4 (D. Me. Dec. 6, 2006); *Northrup v. Barnhart*, No. 02-181-B-W, 2003 WL 22466177, at *2 (D. Me. Oct. 31, 2003).  The administrative law judge did not err in this regard.

The plaintiff also contends that the administrative law judge failed to comply with Social Security Ruling 96-2p[5] and the regulation quoted above, even if he was not required to give the opinions of Drs. Ali and Just controlling weight.  Itemized Statement at [3], [6]-[7].  Specifically, he asserts that these opinions should have been given "far more weight" and that the administrative law judge impermissibly "gerrymandered" his analysis by "picking and choosing" only those aspects of various physicians' opinions "which supported an unfavorable decision." *Id*.  Of course, it is a basic principle of Social Security law that an administrative law judge may choose among portions of several medical opinions of record; he or she is not limited to choosing a single physician's opinion for all purposes.  *E.g., Perry v. Social Sec. Admin. Com'r*, No. 1:10-cv-00477-JAW, 2011 WL 4907305, at *7 (D. Me. Oct. 13, 2011).  An administrative law judge is not required to produce an opinion that is as comprehensive as possible, merely one that is supported by substantial evidence.

The administrative law judge said the following about Drs. Ali and Just: "As for the opinion evidence, little weight is given to the assessments of Dr. Ali and Peter Just, M.D., that the claimant cannot do even a limited range of sedentary work on a regular and continuing basis, as those opinions are not supported by substantial medical evidence."  Record at 612 (citation omitted).  In addition, he noted that

---

use a cane, *id*.; and how much weight he can lift and carry and how often, *id*.  In addition, these doctors' opinions are not consistent with those of the state-agency reviewing physicians, who also provide medical evidence.

[5] This Ruling deals only with the question of whether to give controlling weight to a treating source's opinion. Social Security Ruling 86-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2012-2013), at 111-15.

> [r]ecords dated December 2009 from primary care physician Nadeem Ali, M.D., state that the claimant rated his pain as 2-3 on a severity scale of 0-10, and indicate that that level was "chronic for him." That degree of chronic pain is inconsistent with the claimant's testimony regarding the severity of his discomfort, and is not suggestive of incapacitating pain, especially in light of his ongoing work activity and ability to perform activities of daily living without assistance. In addition, many visits to his primary care providers since the alleged onset date pertained to routine follow-ups of hypertension and diabetes, and transitory problems such as abscesses and sinusitis, and do not reflect concern about chronically disabling pain.

*Id*. (citations omitted).

The plaintiff relies heavily on the First Circuit's decision in *Ormon v. Astrue*, No. 11-21-7, 2012 WL 3871560 (1st Cir. Sept. 7, 2012), to support his argument on this point. The state-agency physicians' reviews of the plaintiff's physical limitations in this case, to which the administrative law judge accorded "some" weight, Record at 612, appear to be no more illuminating than were the comparable documents in *Ormon*. *Compare* 2012 WL 3871560 at *3-*5 *with* Record at 898-905, 935-42. However, as the attorney for the commissioner pointed out at oral argument, *Ormon* is distinguishable because the administrative law judge in that case specifically rejected the medical opinions upon which the claimant relied because they were not supported by substantial medical evidence; the court found that this was the case with the opinion upon which the administrative law judge relied, but not of the opinions that the administrative law judge had rejected. 2012 WL 3871560, at *3-*5.

In *Allen v. Astrue*, No. 2:10-cv-35-DBH, 2010 WL 5452123 (D. Me. Dec. 28, 2010), *aff'd* ECF No. 17 (Jan. 18, 2011), this court held that an administrative law judge need not detail the ways in which he finds a particular medical professional's inconsistent with other medical evidence of record so long as he summarizes the medical evidence of record so that such

inconsistencies are apparent. *Id*. at *5. The administrative law judge did this in the instant case. Record at 611-13.

Nonetheless, I am concerned by the administrative law judge's terse dismissal of the opinions of the two treating physicians in light of my opinion in *Hallock v. Astrue*, No. 2:10-cv-374-DBH, 2011 WL 4458978, at *6 (D. Me. Sept. 23, 2011), *aff'd* ECF No. 23 (Oct. 12, 2011). Considering *Allen* and *Hallock* together, and the administrative law judge's opinion as a whole, including his summary of the entire medical record and his consideration of the state-agency physicians who reviewed the treating physicians' records, I conclude that the administrative law judge in this case met the requirement that he give "good reason" for rejecting the opinions of the treating physicians, but barely. Counsel for the commissioner conceded at oral argument that the explanation given "could have been more extensive." In fact, it *should* have been more extensive.

This conclusion makes it unnecessary to address the plaintiff's request that this court "directly enter a Fully Favorable Decision for the claimant, or in the alternative, remand with instructions to enter a Fully Favorable Decision for the claimant." Itemized Statement at [7]. I note, however, that the plaintiff cites no authority to support this request. Indeed, First Circuit authority is to the contrary. *Seavey v. Barnhart*, 276 F.3d 1, 9-13 (1st Cir. 2001).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge